FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 02, 2025

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HANFORD GUARDS UNION, LOCAL 21 ("HGU" or "Union"),<br><br>  Plaintiff,<br><br>  v.<br><br>BRIAN VANCE, in his official capacity; and HANFORD MISSION INTEGRATION SOLUTIONS, LLC ("HMIS" or "Employer"),<br><br>  Defendants. | No. 4:24-CV-05169-SAB<br><br>**ORDER DENYING MOTION FOR EMERGENCY TRO** |

Before the Court are Plaintiff's Motion for Emergency TRO, ECF No. 4, and related Motion to Expedite, ECF No. 5. Plaintiff is represented by SaNni Lemonidis and Jackson Millikan. Defendants are represented by John Drake. The motions were considered without oral argument.

After reviewing the Motion, briefs, and caselaw, the Court **denies** Plaintiff's request for an emergency temporary restraining order.

## MOTION STANDARD

A movant seeking a temporary restraining order—or preliminary injunction—must satisfy the elements laid out in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). *See also E. Bay Sanctuary Covenant*

**ORDER DENYING MOTION FOR EMERGENCY TRO ~ 1**

*v. Trump*, 932 F.3d 742, 762 (9th Cir. 2018). "A preliminary injunction is a matter of equitable discretion and is 'an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief.'" *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (quoting *Winter*, 555 U.S. at 22).

A party can obtain a preliminary injunction—or temporary restraining order—by showing its motion satisfies all four elements of the *Winter* test: (1) the likelihood of success on the merits, (2) the party is likely to suffer irreparable harm in the absence of relief; (3) the balance of equities weigh in favor of the moving party; and (4) the injunction or restraining order is in the public interest. *See Winter*, 555 U.S. at 20.

## PLAINTIFF'S MOTION FOR EMERGENCY TRO

Plaintiff requests the Court issue an emergency temporary restraining order against Defendants to stop them from suspending and revoking the Human Reliability Program ("HRP") certifications, issued to Plaintiff's union members, during the ongoing "employer lockout." Plaintiff's Collective Bargaining Agreement expired on November 27, 2024, and Defendants initiated the lockout absent a new agreement.

In reviewing the briefs, the Court finds Plaintiff has not satisfied the elements laid out in *Winter*. As to the first element, Plaintiff is not likely to succeed on the merits because Defendants have placed the HRP certifications at issue in "temporary removal" status, as allowed by 10 C.F.R. § 712.19. This is not a termination of the certifications. As such, Plaintiff has not shown Defendants violated the union members' Fifth or Fourteenth Amendment due process rights related to their HRP certifications.

Therefore, Plaintiff's request for an emergency TRO is **denied**.

//
//
//

**ORDER DENYING MOTION FOR EMERGENCY TRO ~ 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Emergency TRO, ECF No. 4, and related Motion to Expedite, ECF No. 5, are **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 2nd day of January 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR EMERGENCY TRO ~ 3**