FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HANFORD GUARDS UNION, LOCAL 21 ("HGU" or "Union"), <br><br> Plaintiff, <br><br> v. <br><br> BRIAN VANCE, in his official capacity; and HANFORD MISSION INTEGRATION SOLUTIONS, LLC ("HMIS" or "Employer"), <br><br> Defendants. | No. 4:24-CV-05169-SAB <br><br><br> **ORDER GRANTING MOTION TO DISMISS CASE FOR LACK OF JURISDICTION** |

Before the Court is Defendant HMIS's Motion to Dismiss for Lack of Jurisdiction, ECF No. 23. Plaintiff is represented by SaNni Lemonidis and Jackson Millikan. Defendant Vance and the U.S. Department of Energy are represented by John Drake. Defendant HMIS is represented by Bradley Fisher. The motion was considered without oral argument.

After reviewing the record, briefs, and caselaw, the Court **grants** Defendant HMIS's motion to dismiss.

## BACKGROUND

This case was filed in U.S. District Court for the Eastern District of Washington on December 20, 2024. Plaintiff is the Union representing guards at

**ORDER GRANTING MOTION TO DISMISS CASE FOR LACK OF JURIDICTION ~ 1**

the Hanford Nuclear Site in Richland, Washington. In its Complaint, it brings two claims: (1) Defendants deprived Plaintiff's Union members of their required certificates through the U.S. Department of Energy ("DOE") Human Responsibility Program ("HRP") in violation of their First, Fifth, and Fourteenth Amendment rights and the Administrative Procedure Act, 5 U.S.C. § 701(b); and (2) Defendants denied Plaintiff's members access to justice, as allowed by *Christopher v. Harbury*, 536 U.S. 403 (2002).

Plaintiff sought an emergency temporary restraining order to protect the HRP certifications, which this Court denied on January 2, 2025. Plaintiff appealed to the Ninth Circuit Court of Appeals, which is still pending. Plaintiff also seeks injunctive relief and any other necessary, proper, or just relief.

On November 26, 2024, Defendant HMIS served Plaintiff with a Notice of Lockout after the extension on the parties Collective Bargaining Agreement ("CBA") expired. Plaintiff filed an Unfair Labor Practice charge with the National Labor Relations Board ("NLRB") and pursuant to the National Labor Relations Act ("NLRA") that same day. Plaintiff claims the lockout impacted Union members' ability to maintain and renew their HRP certifications, which put their job security, income, and the public at risk.

Recertification programing is integrated into the Hanford facility and HMIS staff duties. Plaintiff claims this framework designates HMIS officials as HRP managers and DOE officials as adjudicators, which has resulted in Defendants depriving Union members of the procedures for maintenance of HRP certifications and due process for suspension or revocation of certification. Plaintiff claims members discovered their HRP certifications were suspended during the lockout. This impacts members' ability to seek employment at other facilities requiring HRP certification.

On January 9, 2025, Plaintiff's Union members and Defendant HMIS ratified a new CBA. Union members returned to work, and DOE restored all but a

**ORDER GRANTING MOTION TO DISMISS CASE FOR LACK OF JURIDICTION ~ 2**

few HRP certifications, which are being adjudicated.

## MOTION STANDARD

Fed. R. Civ. P. 12(b)(1) allows for dismissal of an action for "lack of subject-matter jurisdiction," and a federal court must establish subject-matter jurisdiction to hear a case. *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 92 (2017). Plaintiff bears the burden of proving the existence of such jurisdiction when considering a Rule 12(b)(1) motion. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). The presumption in federal court is no jurisdiction unless otherwise proven. *See Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981). At any point if the court finds it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

A subject-matter jurisdiction challenge is either facial—the allegations are insufficient on their face—or factual—the facts of the allegations that give rise to jurisdiction are disputed. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge requires the court to assess whether the allegations in the complaint are legally sufficient to invoke the court's jurisdiction. *See Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020).

## DEFENDANT HMIS'S MOTION TO DISMISS
## FOR LACK OF JURISDICTION

**A.    Legal Standard**

The National Labor Relations Act, 29 U.S.C. § 160(f), states:

> Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in [. . .] by filing in such a court a written petition praying that the order of the Board be modified or set aside.

A plaintiff seeking relief under the National Labor Relations Act, 29 U.S.C.

**ORDER GRANTING MOTION TO DISMISS CASE FOR LACK OF JURIDICTION ~ 3**

§ 160(f), must first exhaust administrative remedies and receive a final order. *See Amerco v. NLRB*, 458 F.3d 883, 884 (9th Cir. 2006). "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938). "If [the courts] allowed companies accused of unfair labor practices to raise their procedural claims in federal court before the NLRB had a chance to review their grievances, [the courts] would be substitut[ing] the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance." *Amerco*, 458 F.3d at 888 (citations omitted).

Further, a case becomes moot when nothing remains for a court to adjudicate, meaning a plaintiff has received all the relief to which they are entitled on the claim. *See Berry v. Air Force Cent. Welfare Fund*, 115 F.4th 948, 952 (9th Cir. 2024). Even the existence of attorney's fees will not "resuscitate an otherwise moot controversy." *Cammermeyer v. Perry*, 97 F.3d 1235, 1238 (9th Cir. 1996).

**B.    Analysis**

Before Plaintiff filed the Complaint in this case, it filed an Unfair Labor Practice charge with the NLRB, pursuant to the NLRA. Plaintiff seeks to distinguish the matter before the NLRB from the one here by arguing the NLRB is adjudicating the legality of the lockout, while this Court addresses the alleged due process violation related to the HRP certificates. But doing so would substitute this Court for the NLRB as the tribunal in a labor dispute when Congress gave exclusive jurisdiction to the agency for reviewing such matters. *See Amerco*, 458 F.3d at 888. The Court cannot consider Plaintiff's case until it has exhausted its remedies with the NLRB and obtained a final order. *See Myers*, 303 U.S. at 50–51.

Moreover, this case is now moot. The Union members represented by Plaintiff entered into a new CBA with Defendants and returned to work. Defendants reinstated the HRP certificates, with the exception of a few that

**ORDER GRANTING MOTION TO DISMISS CASE FOR LACK OF JURIDICTION ~ 4**

Defendants state are on hold for security issues unrelated to the lockout. Even if the Court had jurisdiction to adjudicate this matter, there is no further action to enjoin because Plaintiff has received all the relief to which it is entitled. *See Berry*, 115 F.4th at 952.

Under Fed. R. Civ. P. 12(b)(1), this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim because, on its face, the Complaint is not legally sufficient to trigger the Court's jurisdiction. *See Salter*, 974 F.3d at 964. Plaintiff's Complaint is also now moot because the relief sought is no longer available. As such, the Court **dismisses** the Complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant HMIS's Motion to Dismiss for Lack of Jurisdiction, ECF No. 23, is **GRANTED**.

2.    Plaintiff's Complaint, ECF No. 1, is **DISMISSED** for lack of subject matter jurisdiction and mootness.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 24th day of February 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO DISMISS CASE FOR LACK OF JURIDICTION ~ 5**